UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **MARGUERITE TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No.  09-2095 |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| **sued as Michael J. Astrue,** ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

In November 2008, Administrative Law Judge (hereinafter "ALJ") Barbara Welsch denied Plaintiff Marguerite Taylor's application for disability insurance benefits.  The ALJ based her decision on findings that Plaintiff was capable of performing both past relevant work and a significant number of jobs that exist in the national economy; therefore, she was not disabled within the meaning of the Social Security Act.

In April 2009, Plaintiff, acting *pro se*, filed a Complaint (#1) against Defendant Michael Astrue, Commissioner of Social Security, seeking review of the final decision by the Commissioner of the Social Security Administration denying social security benefits.  In October 2009, Plaintiff filed a motion titled Motion of Review Hearing (#15) which the Court deems to be a motion for summary judgment.  In November 2009, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#16).  After reviewing the administrative record and the parties' memoranda, this Court now recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's summary judgment motion **(#15)** be **DENIED**.

### I.  Background
#### A.  Procedural Background

Plaintiff applied for social security benefits in September 2005, alleging disability beginning November 5, 2004.  The Social Security Administration denied her application initially and upon reconsideration.  She appealed and ALJ Welsch held a hearing in July 2008 at which Plaintiff and a vocational expert, Dr. Ronald Malik, testified.  Plaintiff was represented by

counsel at the hearing. In November 2008, the ALJ denied Plaintiff's application for social security benefits based on findings that Plaintiff was not disabled within the meaning of the Social Security Act and she was capable of performing her past relevant work as a receptionist and as a scheduler. Alternatively, she was able to perform a significant number of jobs available in the national economy. The Appeals Council subsequently denied Plaintiff's request for review and Plaintiff appealed the decision to this Court.

### B. The ALJ's Decision

Plaintiff has degenerative disc disease and had surgery in September 2001. The ALJ noted that Plaintiff was diagnosed with failed back surgery syndrome as well as low back, right hip, and thigh pain. (R. 17.) However, Plaintiff continued to work after her back surgery until November 2004 when she was laid off for reasons not related to her physical condition. After she was laid off, she received unemployment benefits through May 2005 and continued to look for work during that time.

The ALJ found that Plaintiff had severe impairments including degenerative disc disease post spine surgery, arthritis, heel spurs, obesity, hypertension, and diabetes. (R. 16.) The ALJ limited Plaintiff to a residual functional capacity (hereinafter "RFC") for sedentary work based on "all her impairments and symptoms combined, including obesity, musculoskeletal pain, hypertension and diabetes." (R. 18.) The ALJ's RFC also stated that Plaintiff is unable to climb ladders, ropes, or scaffolds due to musculoskeletal pain, obesity, hypertension, diabetes and side effects from medication; she is unable to perform repetitive bending and stooping due to back pain; and she is unable to perform prolonged walking due to knee and heel pain. (R. 18.)

The ALJ said Plaintiff's medication was not narcotic and she had no restrictions from walking, standing, sitting, lifting, or carrying as required for sedentary level work. (R. 17.) Regarding activities of daily living, the ALJ stated that Plaintiff drove an automobile without apparent difficulty and also stated as follows:

> [Plaintiff] attends to her own needs; she is able to make beds, grocery shop, sweep occasionally, wash dishes, use a computer to obtain information, and perform some cooking. She helps her husband do laundry. She traveled to a nearby state and enjoys visiting with her children on the telephone. She also reads the Bible, magazines, and library books. She attends church and other social organizations regularly. She drives an automobile. She is able to attend her own personal needs. Later, she claimed that she can stand for only 20 minutes at one time and that she must occasionally use a cane; however, the record does not indicate that the claimant requires the use of a cane for ambulation.

(R. 17.)

Regarding credibility, the ALJ stated that Plaintiff's claim of complete disability cannot be fully accepted for the following reasons:

> First, the objective medical evidence does not demonstrate that the claimant is disabled and unable to work. Although the claimant alleges that she is disabled, at least in part, due to joint and back pain, the medical evidence of record does not demonstrate that the claimant has the significantly limited range of motion, muscle spasms, muscle atrophy, motor weakness, sensation loss, or reflex abnormalities associated with intense and disabling pain. The objective medical evidence does not support the claimant's allegation of complete and total disability.
>
> Furthermore, the claimant's description of daily activities belies her allegation of complete and total disability. The claimant is able to attend to her own personal needs, attend to her needs during the day when she is alone while her husband works, and drive an automobile. She is able to travel out of state, use a computer, visit with friends and relatives, attend church and other social functions regularly, concentrate well enough to read, and perform household tasks. The claimant's daily activities demonstrate that she is able to sit, stand, walk, lift light items, concentrate to complete tasks and otherwise perform sedentary work-like activity; she has not demonstrated she would be unable to sustain this activity to perform a full-time job.
>
> The onset, nature, duration, location, and radiation of any alleged pain as well as precipitating and aggravating factors are all adequately addressed by the residual function capacity assessment described herein. No treating, examining, or reviewing physician has reported that the claimant is disabled or even unable to perform sedentary duty work. The claimant does not have disabling side effects due to medication, and she is generally treated with conservative measures.

> These other factors, the description of daily activities, and the objective medical evidence concerning the claimant's impairments all contradict her allegation of complete and total disability; the claimant's testimony that she is unable to work therefore cannot be fully accepted.

(R. 18-19.)

## II. Discussion

The ALJ found that Plaintiff's mental condition was nonsevere and did not affect her ability to work. (R. 17.) Plaintiff does not dispute this finding. She expressly states in her brief that the real problem is her back. She had surgery in 2001; her pain has gotten worse since then and Plaintiff states she is in pain all the time. She also states that she can stand for only about ten minutes at a time without leaning on something, she uses a cane, and she has to change positions constantly between standing, sitting, and lying down because of her pain.

Plaintiff primarily argues that the ALJ erred when assessing credibility. Specifically, Plaintiff contends that the ALJ twisted her words about her activities.

Courts generally will not disturb an ALJ's credibility determination as long as it has some support in the record. *Edwards v. Sullivan*, 985 F.2d 334, 337 (7th Cir. 1993). The Seventh Circuit court has stated that, when reviewing a credibility determination, a court "merely examine[s] whether the ALJ's determination was reasoned and supported." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (citing *Jens v. Barnhart*, 347 F.3d 209, 213-14 (7th Cir. 2001)). "[O]nly when the ALJ's determination lacks any explanation or support . . . [will we] declare it to be patently wrong." *Id.* at 413-14. The ALJ's decision "must contain specific reasons for the finding on credibility" and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

In her brief, Plaintiff agrees that she stated she sweeps the floor but states the floor is small and she does not pick up the sweepings. She stated that she did not testify that she makes the bed, she only said she pulls the cover up. She states that she never said she traveled out of

state; instead, her relatives live out of state and they call her to talk.  She said the ALJ twisted her words by saying that Plaintiff attends church and other social organizations regularly.  Plaintiff explains that a person can belong to something and not attend meetings.  (#15, p. 3.)

A review of the hearing transcript shows that, at the hearing, Plaintiff testified that she makes "limited" meals for her and her husband, folds laundry, does dishes, sweeps but cannot pick up the sweepings, does limited grocery shopping, watches TV, reads the Bible and magazines, and goes to the library occasionally.  (R. 36-37.)  Plaintiff expressly stated that she can do dishes and make a bed.  (R. 37, "Yes, I can do dishes," "Yes, I can make a bed.")  She also stated that she goes to a support group for parents of servicemen and attends church on Tuesday and Saturday.  (R. 37, 41, "I go to church regular, we have Sunday service, Tuesday service.")  Regarding travel, she has not left the state for several years and does not visit out-of-state relatives.  (R. 38-39, "I don't travel that much.")  Plaintiff talks to family and friends on the phone and uses a computer to find information.  (R. 38.)  Regarding driving, she testified that she drives to get her medication or to see the doctor and her husband may drive them to the park where they will sit.  (R. 40.)  Thus, notwithstanding Plaintiff's argument to the contrary, with the exception of the statement that Plaintiff travels out of state, the ALJ's description of her activities was generally consistent with Plaintiff's testimony.

In addition to Plaintiff's activities, the ALJ also relied on other reasons when assessing Plaintiff's credibility, including the medical evidence suggesting that Plaintiff can perform sedentary work.  Based on the ALJ's overall discussion of credibility, her misstatement regarding Plaintiff's travel does not constitute reversible error.  Here, the ALJ articulated her reasons for finding that Plaintiff's claim of total impairment was not entirely credible.  Based on the deferential standard for assessing credibility, the Court cannot conclude that the ALJ's credibility determination was patently wrong.

The state agency doctors' report supports the ALJ's RFC finding and Plaintiff has not referred to any doctors' opinions indicating that Plaintiff has limitations greater than those the ALJ identified. Accordingly, the Court recommends denying Plaintiff's motion for summary judgment.

### III. Summary

For the reasons stated above, the Court recommends that Plaintiff's Motion of Review Hearing **(#15)** be **DENIED**. The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within 14 days after service of a copy of this recommendation. *See* 28 U.S.C. 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 8th day of June, 2010.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE